**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000956
02-MAR-2016
09:37 AM**

NO. CAAP-15-0000956

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THE BANK OF NEW YORK MELLON
fka THE BANK OF NEW YORK as Trustee for
the Certificateholders of CWMBS, Inc.,
CHL MORTGAGE Pass-Through Trust 2007-18,
Mortgage Pass-Through Certificates, Series 2007-18,
Plaintiffs-Appellees,
v.
ALEJANDRO BUMANGLAS MARIANO, JR. and ELVIRA RAGUINE MARIANO,
Defendants-Appellants,
and
JOHN DOES 1-50, JANE DOES 1-50,
DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50,
DOE ENTITIES 1-50, and DOE GOVERNMENTAL UNITS 1-50,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-2439-09)

ORDER DISMISSING APPEAL FOR
LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Foley, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that we lack

jurisdiction over this appeal that Defendant-Appellant Elvira

Raguine Mariano (Appellant Elvira Mariano) has asserted in Civil

No. 13-1-2439-09, the Honorable Bert I. Ayabe presiding,

apparently from (1) a June 1, 2015 judgment on a decree of foreclosure and (2) the circuit court's July 1, 2015 court minutes, because (1) Appellant Elvira Mariano's December 16, 2015 notice of appeal is untimely under Rule 4(a)(1) of the Hawai'i Rules of Appellate Procedure (HRAP) as to the June 1, 2015 judgment on the decree of foreclosure, and, (2) the July 1, 2015 circuit court minutes do not constitute an appealable order.

As the Supreme Court of Hawaii has explained, a minute order is <u>not</u> an appealable order." <u>Abrams v. Cades, Schutte, Fleming & Wright</u>, 88 Hawai'i 319, 321 n.3, 966 P.2d 631, 633 n.3 (1998) (emphasis added). Therefore, Appellant Elvira Mariano is not entitled to appeal from the circuit court's July 1, 2015 minutes.

Although the June 1, 2015 judgment on the decree of foreclosure is an appealable final judgment pursuant to Hawaii Revised Statutes § 667-51(a) (Supp. 2015), HRAP Rule 4(a)(1) required Appellant Elvira Mariano to file her notice of appeal within thirty days after entry of the June 1, 2015 judgment on the decree of foreclosure. Appellant Elvira Mariano did not file her December 16, 2015 notice of appeal within thirty days after entry of the June 1, 2015 judgment on the decree of foreclosure, and, thus, Elvira Mariano's notice of appeal is untimely under HRAP Rule 4(a)(1). The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional

-2-

requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore, we lack appellate jurisdiction over Appellant Elvira Mariano's appeal in appellate court case number CAAP-15-0000956.

Accordingly, IT IS HEREBY ORDERED that appellate court case number CAAP-15-0000956 is dismissed.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-15-0000956 are dismissed as moot.

DATED: Honolulu, Hawai'i, March 2, 2016.

Presiding Judge

Associate Judge

Associate Judge

-3-